UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN CILAURO,

                      Plaintiff,                      06-CV-0498

    vs.                                                         (NAM/DRH)

JOHN V. DUFF,

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BRENNAN & WHITE, LLP.<br>163 Haviland Road<br>Queensbury, New York 12801<br>*Attorneys for Plaintiff* | Daniel Stewart, Esq. |
| ANDREW M. CUOMO<br>Attorney General of the State of New York<br>The Capitol<br>Albany, New York 12224<br>*Attorneys for Defendant* | Gerald J. Rock, Esq.<br>Assistant Attorney General |

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      On May 18, 2009, this Court issued a Memorandum-Decision and Order in this case which granted, in part, defendants' motion for summary judgment. Defendant John Duff, now moves for reconsideration of a portion of that Memorandum-Decision and Order. (Dkt. No. 27).

**II.   BACKGROUND**

      The factual background of the present action was fully set forth in the Court's prior Memorandum-Decision and Order. In short, the case arises from plaintiff's arrest on April 27, 2005. Plaintiff was charged with criminal possession of stolen property and resisting arrest. Plaintiff commenced this action under 42 U.S.C. § 1983 claiming that defendant, *inter alia*,

violated plaintiff's Fourth Amendment rights. In the complaint, plaintiff alleged false arrest and malicious prosecution based upon "the charges". In the Memorandum-Decision and Order, the Court granted defendant's partial motion, "for summary judgment and dismissal . . . of plaintiff's first, fifth and sixth causes of action . . . only to the extent that the causes of action pertain to plaintiff's arrest for criminal possession of stolen property in the fourth degree". (Dkt. No. 26). Pursuant to N.D.N.Y. Local Rule 7.1(g), defendant now moves for reconsideration of the Court's determination to deny summary judgment and dismissal of plaintiff's false arrest and malicious prosecution claims (plaintiff's first, fifth and sixth causes of action) with regard to the charge of resisting arrest. Plaintiff opposes defendant's motion. (Dkt. No. 29).

### III. DISCUSSION

A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). Local Rule 7.1 (g) implements this power. Upon receiving a motion to reconsider, a court may deny the motion, thereby leaving the original decision unaltered. *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001) (citing *Lehmuller v. Inc. Vill. of Sag Harbor*, 982 F.Supp. 132, 135 (E.D.N.Y. 1997)). "Alternatively, 'the Court can grant a motion to reargue for the limited purposes of considering the effect of an overlooked matter,' and after doing so may affirm and/or clarify the original decision." *Id*.

At issue in this case is the Court's determination to award defendant summary judgment and dismissal of plaintiff's first, fifth and sixth causes of action, only as they pertain to the arrest for criminal possession of stolen property. Defendant asks the Court to reconsider its

determination and grant summary judgment in defendant's favor on plaintiff's first, fifth and sixth causes of action in their entirety. In defendant's original Memorandum of Law in Support of Defendant's Partial Motion for Summary Judgment, defendant presented no argument in support of summary judgment on the resisting arrest charge. Indeed, defendant addressed the issue only in a footnote that read:

> Defendant also submits that the record provides ample probable cause for the resisting arrest charge. When plaintiff was told he was under arrest, he rose from the table and moved towards the door to exit the interrogation room.

In opposition to defendant's motion for partial summary judgment, plaintiff stated, "[t]he defendant's motion does not even address the issue of the arrest for the claim of resisting arrest". Despite the fact that plaintiff identified a clear deficiency in defendant's arguments, defendant did not respond to plaintiff's argument. Indeed, defendant did not submit a reply brief. In the Memorandum-Decision and Order, this Court stated:

> Plaintiff argues that defendant does not address plaintiff's claim of false arrest and malicious prosecution with regard to the charge of resisting arrest. The Court has reviewed plaintiff's complaint and notes that plaintiff refers to "the charges". Defendant's moving papers are devoid of any argument in support of summary judgment and dismissal of plaintiff's claims of false arrest and malicious prosecution as they pertain to the charge of resisting arrest. Accordingly, the Court will analyze this portion of defendant's motion only with regard to the charge of criminal possession of stolen property in the fourth degree.

(Dkt. No. 26).

Now, on reconsideration, defendant raises the argument that summary judgment and dismissal of the plaintiff's claims of false arrest and malicious prosecution are warranted for the charge of resisting arrest. Defendant argues that, "defendant did, in fact, argue in support of summary judgment that he had probable cause to arrest plaintiff on [the resisting arrest] charge".

3

Defendant presents arguments and cites to caselaw that was not included in the original motion as support for the argument.  However, upon review, the Court grants defendant's motion to reconsider.

Defendant argues that based upon "clearly established law", once the Court found that probable cause existed as to the criminal possession charge, dismissal of all false arrest and malicious prosecution claims was mandated.  Plaintiff argues, with regard to false arrest, that the resisting arrest charge was, "separate in time and subject matter from the charge of possession of stolen property".  Plaintiff further contends that the allegation occurred on, "a different time and date than the allegation with regard to the possession of stolen property".

Upon review, the Court finds that plaintiff's arguments are unsupported by the record. The record establishes that on April 27, 2005, plaintiff was charged with resisting arrest and criminal possession of stolen property.  Defendant testified that after plaintiff was arrested, he spoke with the District Attorney's office and advised that plaintiff was charged with criminal possession of stolen property in the fourth degree and resisting arrest.  Moreover, the minutes from plaintiff's Arraignment at Glens Falls Police Court indicate that plaintiff was present on two charges: (1)  resisting arrest, a class A misdemeanor alleged to have occurred on April 27, 2005 at 10:30 a.m. at the State Police Station in Queensbury; and (2) criminal possession of stolen property fourth alleged to have occurred on April 27, 2005 at 1 p.m. in the City of Glens Falls.

With regard to malicious prosecution, plaintiff contends that defendant misapprehends the holding of *Jaegly v. Couch*, 439 F.3d 149 (2d Cir. 2006).  In *Jaegly*, the Second Circuit held that a claim for false arrest turned on whether probable cause existed to arrest a defendant and that it was not relevant whether probable cause existed with respect to each individual charge. *Id*. at 154.  Plaintiff alleges that *Jaegly* does not present a basis for dismissal of plaintiff's malicious

4

prosecution claim. With regard to malicious prosecution, the Second Circuit stated, "*Jaegly* did not involve a malicious prosecution claim and its holding is not applicable to such claim". *D'Angelo v. Kirschner*, 288 Fed. Appx. 724, 726 (2d Cir. 2008) (holding that it is error to "conflate probable cause to arrest with probable cause to believe that the plaintiff could be successfully prosecuted" because the existence of probable cause for one of the crimes may not mean that probable cause existed for each of them). A malicious prosecution claim under New York State law has four elements: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (internal citations omitted). The probable cause determination in a malicious prosecution claim-which differs from that relevant to a false arrest claim-is "whether there was probable cause to believe the criminal proceeding could succeed and, hence, should be commenced." *Mejia v. City of New York*, 119 F.Supp.2d 232, 254 (E.D.N.Y. 2000) (citing *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir.1999)); *see also D'Angelo*, 288 Fed.Appx. at 726.

Under New York law, even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause. *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003) (citing *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571(2d Cir. 1996)). If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined "by the discovery of some intervening fact." *Johnson v. Constantellis*, 221 Fed.Appx. 48, 50 (2d Cir. 2007) (citing *Kinzer*, 316 F.3d at 143); *see also Russo v. Port Auth. of New York & New Jersey,* 2008 WL 4508558, at *3 (E.D.N.Y. 2008) (holding that the same facts which give rise to probable cause for the arrest are those which support probable cause for the

initiation of criminal proceedings against plaintiff).  In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact.  *Lowth,* 82 F.3d at 571.

In the case at hand, the Court has determined that probable cause existed at the time of plaintiff's arrest and defendant does not contest plaintiff's claim that both charges were dismissed in plaintiff's favor.[1]  Therefore, the issue for determination is whether there was probable cause to believe the prosecution could succeed and whether defendant acted with malice.  Upon a review of the record, the Court finds no evidence of anything that transpired after plaintiff's arrest that would establish that probable cause had dissipated.  *See Johnson*, 221 Fed. Appx. at 50.  The record is devoid of any evidence that establishes that defendant learned of anything after plaintiff's arrest that would lead him to believe that the charges were baseless.[2]  Plaintiff has not provided any evidence that defendant withheld or misrepresented any information when communicating with the District Attorney's Office.  *See Kalika v. Stern*, 911 F.Supp. 594, 602 (E.D.N.Y. 1995) (holding that plaintiff failed to raise a material issue of fact to rebut the presumption of probable cause).  Indeed, plaintiff's complaint is devoid of any specific allegation with regard to how defendant acted without the requisite probable cause in prosecuting plaintiff.  *cf Jovanovic v. City of New York*, 2006 WL 2411541, at *9 (S.D.N.Y. 2006) (holding that plaintiff's allegations in the complaint that defendant knowingly provided false testimony to the

---

[1] The record lacks any evidence with regard to when the criminal proceedings were dismissed.  The only evidence in the record with regard to the criminal proceeding is the transcript from plaintiff's arraignment on April 27, 2005.  There are no other transcripts of any criminal proceeding or any documentary evidence from any court or the district attorney's office.

[2] Plaintiff testified that while the criminal proceeding was pending, his attorney obtained a statement from Mundell that indicated that plaintiff had no knowledge that the furniture was stolen.  Plaintiff testified that he was not sure whether or not his attorney turned the statement over to the district attorney's office.  Moreover, plaintiff does not allege that the statement was provided to defendant at any time after plaintiff's arrest.

grand jury and trial court were sufficient to establish a lack of probable cause for malicious prosecution).  Further, a review of the record reveals no evidence that defendant was motivated by malice.  Plaintiff's deposition testimony and subsequent affidavit lack any reference to malice.

Accordingly, as defendant has now clearly articulated both legal and factual grounds for dismissal and summary judgment of plaintiff's false arrest and malicious prosecution claims as the causes of action relate to the charge of resisting arrest, the Court grants defendant's motion for summary judgment and dismissal of plaintiff's first, fifth and sixth causes of action in their entirety.

## IV. CONCLUSION

It is therefore

**ORDERED** that defendant's motion for reconsideration (Dkt. No. 27) is **GRANTED**; and it is further;

**ORDERED**, that upon reconsideration, defendant's partial motion for summary judgment and dismissal (Dkt. No. 19) of plaintiff's first, fifth and sixth causes of action is **GRANTED**; and it is further

**ORDERED** that the Court's Memorandum-Decision and Order (Dkt. No. 26) is altered and amended in accordance with this Order; and it is further

**ORDERED** that this case is deemed Trial Ready.  The Jury Trial shall commence on Tuesday, September 22, 2009.  All pretrial papers are due on or before September 8, 2009.

**IT IS SO ORDERED.**

Date:  July 29, 2009

_Norman A. Mordue_
Norman A. Mordue
Chief United States District Court Judge